So, good afternoon. Hope everyone is well. We're going to hear Stephen v. Santander. And I only know that it's supposed to be Santander from the commercials, right? So, let's have counsel come on up, please. First we're going to have Ms. Smith for appellants, and then Mr., is it Dabowski? That's correct, Your Honor. All right, very well. For appellee to follow. And Ms. Smith, come on down. The lights await. And did you want to ask for time for rebuttal? Yes, with the court's permission, I'd like to request two minutes of rebuttal time. Two minutes it is. The clock is set. Time is running. May it please the court. I'm Patricia Smith from the firm of Ballard Spar. I'm here this afternoon representing Santander Holdings, USA, Incorporated, self-insured short-term disability plan. Santander Holdings, USA, Inc., long-term disability plan. Santander Holdings, USA, Inc., as well as Liberty Life Assurance Company of Boston, doing business as Liberty Mutual. The court has directed the parties this afternoon to address their arguments to the jurisdictional issue that is under the court's consideration, and I will focus my argument accordingly. The appeal here is taken from the district court's order granting summary judgment to plaintiff, Mr. Stevens, and mandating payment of Mr. Stevens' benefits pursuant to the Santander short-term disability plan. Well, if the order says that it's going back for short-term disability and long-term disability determinations to be made, how is it a final judgment? There's no determination to be made with regard to the short-term disability plan. Santander must, under the terms of the district court's order, pay the benefits. Have they all been paid by now? I beg your pardon, Your Honor? I figure they probably have all been paid, haven't they, by now? They have not. Why is that? Well, Mr. Stevens was receiving short-term benefits for a period of time. The benefits were terminated in the administrative review procedure. The district court's order directed reinstatement of those benefits, which would require a payment of them. The defendants filed a motion with the district court to stay that order pending appeal. Was that granted? The parties never received a directive back from the court. The terminology that the court used, I believe, was that it was essentially in limbo. I honestly don't remember the exact terminology. Jay, I would have to find it for you. But the message was that that motion was not to be determined at that time. Go ahead. Doesn't that only reinforce that there's not a final order here? The thrust of your argument seems to be that there's not going to be an opportunity for Santander to appeal and have its rights determined down the road. But we held in Popoto that that dismissal was simply administrative. The fact that there's still a pending motion before the district court seems to just confirm that this district court understands it has continuing jurisdiction so that you have the opportunity not only to move to stay but to reopen the case after there's a determination by the plan administrator on the long-term benefits. The difference there, and I'll assume for purposes of discussion that the district court retains jurisdiction over the case and that it was simply an administrative termination as the court determined in Popoto. The difference is that in Popoto there was no determination by the court as to the merits of the case prior to the remand. And here, particularly with regard to the stream of benefits for which Santander is responsible, the short-term disability benefits, the court has already decided that issue. Is that really the case? Because there was not a determination as to a particular dollar amount or interest. And at least the Second Circuit in Meade identified those undetermined issues as meaning that there wasn't even a final judgment, that those were more than ministerial for purposes of determination by the administrator. In this situation, the amount of benefits is not subject to any dispute. Mr. Santander was receiving X number of dollars per month. The court determined that those benefits need to be reinstated, and we would be talking about a simple matter of multiplying the remaining months times the amount of benefits. That's certainly a ministerial action. Well, if you dismiss, the district court told you to, in a sense, determine the, well, I realize it's a different entity liable, but to determine the long-term benefits. They haven't been determined. And I guess there's a number of issues about that, whether it's disabled on a long-term basis plus the amount of payments. But after that's resolved, and the, I guess the administrator is Liberty. Liberty makes the determination. At that point, either side could then go back into the district court. Well, of course, Liberty wouldn't be going back in, but if the other side was unhappy, they wouldn't go back into the district court. I guess a final judgment would be entered, and couldn't everything then be appealed? There has to be a way that the long-term benefit payer, since part of it is that the short-term benefits have to be exhausted, that somebody can challenge that somewhere on the Court of Appeals, I think. That's, you're putting your finger on the crux of the issue, and the problem that we see facing Santander here in particular. Santander already has made all of its short-term disability arguments to the District Court of New Jersey. Those arguments have been rejected. The court found that the administrative process was compromised by arbitrary and capricious action and ordered payment of the benefits. Going back before the same court that has already decided those issues with the same facts and the same arguments really would be an exercise in futility, even if as a theoretical matter it could be done. And I'm not sure that it can be done. Are you talking, deciding it in terms of the long-term benefits? No, Your Honor. I was focusing on the point that you had fingered. But it has been resolved on the short-term benefits basis. The question is, well, that's final. Why after the long-term benefits issue, if it goes back into court, maybe somebody will just accept it and that will be it, whatever the result is. But assuming it's not and it goes back into court and is in adjudication, why couldn't the whole thing be appealed at that point, short and long-term? Well, as a practical matter, you would have Santander then appealing a second time from the district court's issuance of its summary judgment. Isn't that the reason why you wouldn't do it the way you're suggesting? I mean, the way you're suggesting, as I understand it, is, yes, okay, it's a final order now. Let's do the STD, and obviously the LTD is not resolved. It's not going to be resolved for some time. I presume to extrapolate your argument, you'd say, based on that, if there does come a point in time when it should be argued, you'd say, let's appeal it then? That's what you're suggesting, right, that we piecemeal the STD and LTD? Not really, Your Honor. I think the practical, logical, appropriate result here would be, really as a very practical answer, would be to sever the STD decision from the LTD remand decision. But you haven't argued on appeal that the collateral order doctrine applies. That's not among your arguments. I'm not posing it under the collateral order doctrine. I'm posing it under the WACO analysis that allows severance of claims under circumstances such as this, where a party hears some ponder, could be at risk of losing. It's only real practical opportunity for appellate review. Why wouldn't there be a practical opportunity if and when you came back after the LTD was resolved? Particularly if you got a stay. Well, the stay, Your Honor, was sought pending appeal. I don't We could remand and say continue the stay until LTD is resolved. Well, if the court determines that it doesn't have appellate jurisdiction, that sort of an order would be helpful to Santander. I do have a question based upon some of the language in Papado as to whether the district court really retains jurisdiction over the Santander piece of this case. In Papado, in determining that the district court termination of the proceedings was an administrative closure under which the court would retain jurisdiction, the court ruled that the district court, quote, retained jurisdiction over the proceedings below, referring to those administrative proceedings. Here, we don't have Santander at all involved in the proceedings below. They will have no part in that administrative proceeding. They have no function with regard to the LTD plan at all. They don't administer that plan, and they don't pay benefits under the plan. Isn't it all part of one case, though? I don't understand your point. Well, it was pled as a single case, Your Honor. That's true. But in the interest of preserving timely, meaningful appellate review for one of the defendants, we would suggest that severance under the WACO line of cases would be the best result. That would allow the court. How are you hurt if the stay remains in place? You know, I understand, Larry, that the district court, I guess you're worried the district court doesn't have the power to continue the stay, but if the stay remained in place, what would the problem be? The other problem has to do with the merits of the LTD remand, because under the district court's order, Liberty would need to deem Mr. Stevens eligible for potential benefits due to the exhaustion of the elimination period. But it's not just that elimination period that's at issue. As I thought you conceded in your reply brief, the definition of disability is different, and the any occupation involves a very different determination than own occupation, doesn't it? Yes, Your Honor, but I guess our point is that unless, absent the district court's ruling on the STD benefits, Liberty might never reach those issues, because if the district court's decision on the STD aspect of the case is incorrect, then Mr. Stevens is not eligible for consideration for those LTD benefits. Can I just clarify, did the district court here actually grant your request for a stay, or you simply haven't received any ruling? Your Honor, the district court issued a text order. I have it in my bag. I will look for it momentarily and pull it out, but it doesn't provide any clarification as to what the court is doing. Other than that, it's not ruling immediately. Okay. Thank you. We'll hear from you all in a moment. Mr. Dabowski? May it please the Court, Counsel, my name is Mark Dabowski. I represent the Plaintiff Appellee Joseph Stevens. Obviously, my interest in this case is to see Mr. Stevens get the benefits that he believes are due, but there is a fundamental jurisdictional problem with the appeal that Liberty Mutual filed and Santander filed. We don't have Santander in Chicago, so pardon me for messing up the pronunciation. And the procedural problem is quite manifest, and it was probably made even worse by the reply brief that was filed by appellants because the reply brief implicated Rule 54B of the Federal Rules of Civil Procedure, which was undiscussed in the prior briefs. But the argument that was made that the ---- So your point is Elliot's not particularly helpful?  But it does really flesh out the problem that you have one case involving the short-term disability benefits and the long-term disability benefits, and it's not severable. And if the appellants wanted to do what they're here for, then they would have had an obligation to seek the certification from Judge Sheridan that's necessary under Rule 54B and then seek permission. As a practical matter, the plaintiff is involved in both decisions. It's difficult to think of severance being the most judicially efficient way. Of course. As a practical matter, either Judge Sheridan would never have granted the certification or this court wouldn't have granted the interlocutory appeal because of the inextricable intertwinement of the issues. The issue is simply, is Mr. Stevens disabled? And for the district court to have found that he was disabled and entitled to the balance of the short-term disability benefits but not render a decision about the long-term disability benefits, which would start the next day, there's a certain amount of illogic there. Well, no, there could be a question how long the benefits go, the long-term benefits. I mean, you know, there could be other issues. What would happen if we just entered an order saying, the court having considered the matter determines it does not have jurisdiction, the appeal is dismissed, period. Now what happens next? What if we did that? Well, besides the disappointment that we've basically spent all of this time pursuing this appeal. Well, you should be happy. That's what you want. But you probably want it in a different way. But let me just dismiss the appeal. What would happen next? Because the matter was remanded. Correct. Now I presume the administrator would make a determination on the long-term benefits. That's correct. Because that's what it was remanded to do. Now if you didn't like the result, you could go back to the district court, but you might like the result. That's correct. And if you like the result, then the court can just, you have a final judgment at that point, because that's resolved, and then can't they appeal that on the short-term benefits? It becomes really confusing. It does because the short-term benefits, the allowance of that is a critical aspect of the long-term benefits. But there's got to be a way that somebody can appeal the summary judgment. Don't you agree with that? I do agree with that. Do you agree that the district court retains jurisdiction should either party, including Santander, move to reopen the case? I think that that's decided by the Papado case. And do you also agree that the district court would have jurisdiction to entertain a motion to stay its order for payment of the short-term benefits at any time? I believe that it would because the jurisdiction is continuing under Papado's holding, as well as the Mead v. Reliestar from the Second Circuit. So this text order that's been referred to, is a stay? No, the text order never resolved the issue. What does the text order mean in your view? I think it just means that the motion to stay was entered and continued pending the appeal, which gets us nowhere. But I think that the confusion here goes back to a point that we were trying to make in our brief, which is questioning this whole notion of in a risk of jurisprudence, where did the courts devolve the power to remand cases to the plan administrator, a private party? These are not administrative law cases. These are not like Social Security cases at all. They're very different from Social Security cases. Maybe in structure they appear analogous, but the Social Security Administration has due process protections through administrative law judge hearings that are entirely absent in ERISA cases. There's a governing statute, 42 U.S.C. section 405G, that explicitly provides for courts to remand Social Security cases, either under sentence four or sentence six of that provision. There's nothing comparable in the ERISA law. Mr. Javosky, it may be a very interesting argument, but in Popoto and Miller, haven't we already crossed that bridge? Does this panel have power to say that it is improper or unconstitutional to remand? I think this court does have the power, because neither Popoto nor Miller ever addressed the question of where does the authority come from to even have this procedural mechanism of remand. What is the upshot of that, though? If that's the case, are you essentially saying that we would need to make a determination as to the long-term disability benefits when that was never done by the plan administrator or the district court? Well, first of all, I would like to correct something that was misstated in the appellant's briefs. The insurance company, Liberty Mutual, did consider the LTD case. In both the May determination and in the final November determination that was issued, the LTD was denied, the denial was upheld, the denial was upheld again. So the LTD claim was considered during the claim process period. It is just springing up. Isn't the remand a remand to take into account the direction essentially for the plan administrator to take into account the LTD given what the STD determination was? I suppose one way to view Judge Sheridan's order is to say to Liberty, look, I found that for the 177 days of short-term disability, Mr. Stevens is disabled. Here you are one day later. Pay the long-term disability benefits, but you might find today that Mr. Stevens is no longer disabled. But isn't it a different definition of disability? No. What constitutes your ability to perform your own job versus any job seem like different findings that need to be made, not just dealing with the elimination period? Your Honor, I'm sorry to interrupt, but the way that this policy is, the way that these plans are structured, we can divide it up into three parts. The short-term disability is occupation-based, own occupation. The first two years of the long-term disability, the terminology is a little bit different, but functionally it's exactly the same, the inability to perform your own occupation. After two years, then it's an any occupation determination. That one hasn't been reached yet, and that one I can certainly understand under the rightness doctrine that it's not appropriate for the court to even address the any occupation. Right, but even under the rubric that you've just explained, isn't the judge's point that the short-term disability determination, right, would influence the first two years of LTD, and the remand is essentially, okay, here's my STD, it should influence your first two years of LTD, and then from there, you know, you'll make your own determination as to whether he can perform any function. Exactly, but at the time that Judge Sheridan issued the remand order, we were still within the first two years, I believe. So we were still in that own occupation period. Given the length of time that this case has progressed, we're now into the any occupation period, but then again, Mr. Stevens was awarded Social Security disability benefits, and the governing standard for that is even more stringent than the any occupation definition in the policy. See, if this was a New Jersey appellate division, which I used to serve, right now we would be conferring granting leave to appeal because you can grant leave to appeal on anything, and then we'd be hearing the argument on the summary judgment. But instead we have to do this. I'm afraid we're stuck with 28 U.S.C. Section 1291. Unless the Court has any further questions, I will rest on this argument in our briefs. Just on the argument you raised about remand being inappropriate, is that even one we can consider when you didn't file a cross appeal? I don't understand how I could have filed a cross appeal when the initial notice of appeal was lacking in jurisdiction. It's like you're trying to build a house of cards where there's nothing at the base. Well, you're asking us to consider something that in its effect would enlarge the rights of your client. That, under our case law, would require a cross appeal, and if it was not raised in that context, is deemed waived. Again, we discussed this in our brief, and procedurally I don't see how we could have filed a cross appeal to a notice of appeal that we challenged instantly after the notice of appeal was filed with our motion to dismiss. The Court may obviously conclude otherwise, but if there's no jurisdiction for the appeal, how can there be jurisdiction for the cross appeal? That remains to be decided. I suppose it does. Thank you. Thank you. And we have Ms. Smith for two minutes. Let me first address the Court's question as to the status of the application for stay. The exact language that the Court utilized in issuance of its directive is, quote, ordered, motion, reserved. And that was the last word we heard from the Court on that application. That means you should be making all the payments, shouldn't you? I beg your pardon? Shouldn't you be making all the payments now with a short-term disability? They must have been exhausted. Your Honor, I think the Court, I'm a little bit speculating here, but the rule under which we sought the stay is one in which as long as the applicant offers a post bond, there's no discretion on the part of the district court in granting a stay with regard to a monetary payment issue. And for that reason, I think everyone assumed that the stay is in place. Can you address the Rule 54B argument in light of Wetzel and Elliott? Your Honor, that is an argument that really wasn't raised previously. I know that Mr. Dubofsky filed something on the ECF system after hours yesterday. It's a 2012 case. I have not had the opportunity to review it. I will say, though, that with regard to the cases that we cite in our brief, recommending, suggesting that severance of these claims would provide a jurisdictionally appropriate and reasonable result, there's no discussion at all in those cases of the need to obtain a 54B ruling from the district court. Finally, I would just add, I'm out of time, but the LTD action of Liberty below was not on the substance of the LTD claim. It was with respect only to the fact that Mr. Stevens had not exhausted his elimination period. Thank you very much. Thank you very much. We appreciate the arguments, and we'll take the matter under advisement.